May it please the court, my name is Richard Gerace. I represent the appellants in this case. I would like to get to the main point because I'm trying to elicit Judge Brody's opinion again this morning. I'm trying to figure out what she got wrong. The only issue is that we have a footnote in the case in 2012 which suggests that there is subject matter jurisdiction arising under section 10 of the FAA. But there are cases prior to that that actually lock in on the problem, analyze the problem. The Virginia Island Housing Authority case has pretty much a full column and a half on it saying that unless there is an independent basis for subject matter jurisdiction, the fact that matter is coming in under the FAA under section 92 of the FAA, I think that was just section 10, doesn't get you federal matter subject matter jurisdiction. Given that as a predicate and a very, very inartful question, where did Judge Brody get this wrong? Well, what frankly what Judge Brody respectfully got wrong is that she did not look through the underlying claims upon which the motion to vacate were based. And unlike all the cases that there was a question as to whether subject matter jurisdiction existed, in this case there was never anything but federal subject matter jurisdiction. Well, it's not like the NASDAQ case, the second circuit where you're really going to the kinds of things that get at the integrity of the markets and there's a real federal interest there. You're talking about a specific arbitration and there's some improprieties between some of the panel members, but is that the kind of thing that gives rise to the same kind of federal interest that we saw in NASDAQ? Your Honor, respectfully I am almost, in fact I am always on the side of the investor challenging the financial markets. And frankly I have a very large problem with Judith and Kenneth Goldman not deserving their day in the court when it comes to violations of the Securities Act, just like the NASDX. No, you said violations of the Security Act. Is that what we had before, violations of the Security Act? Absolutely, we had violations. Not in the procedural manner or the process by which those individuals were resolved. That's not it. Correct. We only get to the Securities Act if we look through, right? Exactly. Aren't you assuming the end of your argument? Don't you have to show us in the first instance that we are permitted to look through? Exactly, and we are. And frankly, here's why. What distinguished counsel and I have made a large argument of is was there jurisdiction of the federal court in a motion to vacate? Opposing counsel says no, only sections 4, 3, 4, and possibly 5 show you jurisdiction. I am arguing on behalf of Goldman's, and as this court readily recognized, of course the federal court has jurisdiction under the Securities Act and the Federal Arbitration Act, and the federal, not exclusively. When you say, of course, and you say this court recognized, are you talking about Baden there? I'm talking about Athena Venture. You mean Athena Venture? Yes, Athena Venture. Well, that's the very thing that the Chief has been talking about. Isn't that the prototypical drive-by jurisdictional ruling where it's thrown away in a footnote, nobody challenged it, nobody argued it, and the court didn't discuss it except to say, yeah, we've got jurisdiction? Well, that's another issue. Well, I think it's a very important issue, what you're trying to say. Let me get to it. In fact, Your Honor, you wrote an opinion in 1993 where you readily recognized that section 1331 and 15 U.S.C. 78A gives subject matter jurisdiction for a district court. So you take the next step, and the next step is, does that jurisdiction carry over to motions to vacate? And the answer is, this court readily recognizes the logic and the law that says, of course it does. That's why it's in a footnote. But it's in a footnote because there's decades of this court recognizing that federal subject matter jurisdiction exists under 1331 and 78A, especially when the underlying issue. So when you say there's decades, why don't you give us a single case other than Athena Ventures where we've said you can look through to the underlying dispute and rely on that as the hook for subject matter jurisdiction? Okay. First, I wanted to inform the judge that it was Klein v. First W. Government Securities in 1994, the opinion you wrote. Now, that was just a straight-out litigation in the federal court. However, better than the Third Circuit, if I may, the higher authority, frankly, is the unanimous opinion in the United States Supreme Court in Cortez-Byrd-Chips v. Harbert. And that is found, it wasn't briefed by either of us, at 529 U.S. 193. 529 U.S. 193 in the year 2000. That case addressed venue. It was a unanimous decision. It discusses the logic and the law behind why a motion to vacate under Section 9 and actually 10 and 11 of the Federal Arbitration Act allows a court where the award was made jurisdiction to decide the matter. Well, we've got some decisions from other jurisdictions going the other way, right? The Seventh Circuit was pointed out. Right. And they've made the – you should try to meet that argument because when you say, oh, the logic of it is very clear, in fact, the logic that the Seventh Circuit relies on, even as recently as just, I think, in the last week or two, the Magruder case, they said, look, this is essentially a contract dispute. The settlement, whether it involved securities law or some other kind of federal law, if you settled it up, that would be – and then you wanted to vacate the settlement. It would be, in essence, just a contract dispute. There would be no federal jurisdiction. Now, what's wrong with the reasoning of Judge Easterbrook in that opinion? Well, what's wrong with it, Your Honor, is it doesn't coexist with opinions in this Court or the Second Circuit. Now, in the Second Circuit, even though it's an unpublished opinion, it gets right to the point. It says that a federal court must look through the petition to see if the underlying claim is a federal securities law. How do you say must? How do you get around the text, the text of the statute? I mean, the Supreme Court itself has said why it's important. I mean, the textual argument for why you do look through in Section 10 and Section 9 – excuse me, in – Section 10. It's just – it's different. It's not there when you come to asking for vacature. Well, here's why, Your Honor. First of all, you can't look at – and I respectfully ask that the Third Circuit doesn't look at the arbitrations agreements as just contract, and it's just a big misunderstanding if it doesn't go your way. If it doesn't go your way, there's only – Well, stick with me. I'm trying to get you to address the actual language of the FAA, and I wish I had it right in my hand. I do have it, Your Honor. There's a statement with respect to – there's language specific to the section that's in one and not in the other, right? Yes, there's language in Section 4 that says the United States District Court may essentially impose jurisdiction if, save for the arbitration agreement, it would have jurisdiction anyway. Yeah. Now, that language is missing in 9, 10, and 11. That's the point, isn't it? Right. Thank you. So that's what I'm trying to get you to come to grips with. It's in 4. It's not in 9, 10, and 11. So your briefing, you seem to say, hey, 9, 10, and 11 should be in, quote, equal dignity, end quote. Right. But what's undignified about saying, well, that section's got the clause. These sections don't have the clause? Well, I asked for Med 9, 10, and 11 to read into it. I read from Section 4, and I just very quickly – it wasn't very carefully, I'll concede – downloaded and looked in the court test bird. I don't see anything in here, even a very quick perusal about jurisdiction. It's all about whether or not the venue at issue was permissive or required. Well, Your Honor, I can't say it any better than the U.S. Supreme Court said it itself. It says Congress does not, in that same case – and this case is the court test case – it says Congress does not, in general, intend to create venue gaps, which take away with one hand what Congress has given by way of jurisdictional grant with the other. So it is time that the appellate courts recognize that it's anomalous to the point of ridiculous that you could compel arbitration with one point of the sword and then protect the litigants against – Why, when you say it's anomalous to the point of ridiculous? If Section 4 has that specific language that Justice Ginsburg pointed out and said that save for such agreement, and the court emphasizes that in Vadden, why is it anomalous to say when another portion of the statute doesn't have that language, it shouldn't be treated as having that language? Because here's the result in this particular case. This particular case is about a margin call. Federal margin calls are reserved to federal courts. You don't want the state court in Idaho deciding that Section 15 U.S.C. 78 says one thing. Yeah, but a motion to overthrow an arbitration agreement under the Federal Arbitration Act is not an appeal of the law, as you would get here. It is granted for certain set reasons, for bias, for refusal to look at the law, but it's not a review on the particular merits. It is done that way so that we can have a quick and efficient way of dealing with these things. And you seem to be saying we ought to attach on to arbitration the whole federal appellate process, and that is not what arbitration is meant for. Respectfully, Your Honor, that's not my argument. It's only where federal law is at issue. Well, that's exactly what I'm saying, that the Arbitration Act is not meant to do. Well, I disagree, Your Honor, because the Federal Arbitration Act in Vadden, in Vadden's review of it, and I'll get to it in a moment on another case, was that if there's an underlying matter of substantial federal law, then the federal courts can look through the motion to vacate. But, you know, the difference is an arbitration agreement is not precedential. So if an arbitrator gets it wrong, that is not going to skew interpretation of federal law. And so that's why we don't really need to care. The parties have a contract that they will have their dispute settled in this matter. And if the decision is contrary to federal law, it doesn't make any difference because it's not precedential. Well, why would the Third Circuit in Freeman make a decision on arbitration if that was the case? Because in Freeman v. Pittsburgh Glass, there was issues where the district court reviewed, vacated, and I think the Third Circuit reversed. And so for the same reason the Eleventh Circuit holds that if the underlying arbitration dealt with federal law, like the Federal Communications Act, then the federal district courts have the right to review those motions to vacate for manifest disregard of law. I have a different issue right now. Manifest disregard is something different than look through. But if I may impose on my colleagues for just a moment, Judge Brody seemed to look at this and conclude that we're not arguing about the law at all here, really. There's a dispute of fact. You've taken the position that there was a margin call. The arbitrator said there wasn't a margin call, there was no evidence of a margin call. We're not really dealing with a legal dispute of any sort. We're dealing with what is fundamentally a question of historical fact, which you lost in front of the arbitrator. If that's true, that this is a question of was there a margin call or wasn't there a margin call, why would a factual dispute be something that gives you a right to come into federal court and dispute an arbitration? Well, was there a margin call is a question of federal law and exclusively federal law. No, it's a question of historical fact. Whether something should be considered a margin call or shouldn't be considered a margin call, that's a question of law. Whether somebody actually came and took money out of your client's account and said this is a margin call, that's not a question of law. That either happened or it didn't happen, right? True. Okay. Well, that's a question of fact. And Judge Brody says the arbitrator looked at that, said you didn't prove it, so you lost. That's a question of fact? How is that? Even if we were to accept your view of the world that you could look through under Section 10 when there is a question of securities law at issue, she said you don't even have a question of law. You've got a question of fact. Why is she wrong? I have two answers to that. First of all, Judge Brody did not look at the merits of the case. She could not look at the merits of the case. She merely looked at whether there was jurisdiction. And maybe that's the drive-by passage of a decision on what she perceived to be under in the motion to vacate. But, frankly, there was never a hearing on it. There was briefs on it, and then it was stopped because of a motion to dismiss. Now, that's the first answer. She didn't make a finding. You misunderstood me, sir. I'm not suggesting that she made a finding of fact. I'm suggesting to you that she concluded that your dispute is one of fact and not of law and that that's fundamental to your problem of not having jurisdiction. And that's an impossibility, and I can tell you why. Under federal law, there is an automatic. Flares go off when a margin call erupts in a securities account. For the arbitrators who said, oh, we're experts on margin laws. If there was one, we'd know it. And then to read the statute, any of the children who were sitting in the back room today could have figured out that you just divide the account equity in two. There had to be a margin call. They disregarded it. Manifest disregard is a ground for vacature in the Third Circuit, and that's the grounds for vacature here. Okay. Thank you. Okay. That's all right. We've saved some time for rebuttal, and as I quickly again looked at the Brewer case that you mentioned, it appears to me that there was diversity of jurisdiction there. Maybe when you come back, you can tell me why I'm wrong. Yes, sir. The court did not have diversity of jurisdiction. Good afternoon, Your Honors. I'm Brian Feeney. I'm here for the Appellee City Group, Global Markets, Inc., and Barry Gariglia. This appeal presents two issues relating to 1331, jurisdiction over a motion to vacate an arbitration award. First issue is what is the appropriate test that the court should apply to determine whether it has subject matter jurisdiction? Should it use the well-created complaint rule, as we have argued, or should it do the look-through analysis that the Goldman's suggest is appropriate? And the second, assuming I'm correct on the first issue, is did the Goldman's motion to vacate on its face present a substantial federal question? First of all, this court- Why don't, if I could, Mr. Feeney, have you start with the Second Circuit's NASDAQ decision and tell us why the FINRA rules shouldn't, just like the NASDAQ rules, invoke so substantial a federal interest as to grant jurisdiction in a case like this? FINRA is not a federal agency. FINRA is a private organization. NASDAQ is not a federal agency. I understood, but in the NASDAQ case, what was at issue were the federal regulation of the securities markets at large. Right, and your colleague would say that that's exactly what's at issue with the FINRA rules, too. It's the governing and the administering and the regulation of the- He did say that in response to my question about NASDAQ. Maybe I misunderstood, but that's exactly what he said. What's at issue here is what he claims are violations of the discovery rules in the FINRA arbitration process. They go to the integrity of the markets. They go to the integrity of the arbitration. And the courts have held- At least by extension go to the integrity of the markets. Well, I think that's a huge leap, Your Honor. I mean, it's essentially a violation of the discovery rules in federal court litigation. That's what he's complaining about. He's not complaining about the integrity of the financial markets. He's saying that I didn't get discovery that I wanted. I was ordered to give discovery I shouldn't have had to give, and this was contrary to the FINRA rules that govern arbitrations. And the courts have held the minor case out of the Seventh Circuit, the Greenberg case, and the Second Circuit have squarely held that no federal issue arises from a violation or a breach of the arbitration process, some problem with the arbitration process. I mean, I think that issue is squarely covered by those two cases and knocks out the argument. Getting back to the look-through point, this court has already held in the Coastal General case that the well-pleaded complaint rule applies and you can't look through. The court said there that it's impermissible to look at the underlying dispute when you're trying to figure out jurisdiction. So what do we do with Athena Ventures? Well, Athena Ventures I think we've handled in our submission that we made to the court. There's Supreme Court authority. There's Third Circuit authority to the effect that drive-by jurisdictional statements are not binding, do not create binding precedent. And, you know, the statement that was in the case is contrary to the Coastal General case. It's contrary to the Supreme Court cases that require application of the well-pleaded complaint rule. So, you know, I think it can be disregarded. The Seventh Circuit recently in Magruder said the exact same thing, drive-by jurisdictional rulings can be ignored. So I think that's what should happen here. It's typical for us to ignore presidential language in our own presidential opinion because of something the Seventh Circuit has written, in their opinion. I'm just saying that, you know, the Seventh Circuit has reached, you know, the same conclusion that the Third Circuit has reached and the Supreme Court has reached with regard to the lack of presidential value in a drive-by jurisdictional statement. So I'm saying that, you know, the court is on firm ground here to say, you know, it need not give credit to that statement, especially since it's contrary to all the law that we've cited in our papers. In addition to Coastal General, there are multiple other circuits that have held that you can't look through. These cases have come both before and after Vodden. I mean, pre-Vodden, there was a circuit split as to whether you could even look through in the Section 4 context, and, in fact, the majority view was that you could not look through, you know, despite the language that was cited earlier, despite the language in Section 4, the majority opinion was you could not, or majority view was you could not look through either the Section 4 or Section 10 context. Vodden came along and said, you know, that the specific language of Section 4 compels a look through, so there. But in the Section 10 context, uniformly both before and after Vodden, circuit after circuit has held that look through is not appropriate.  Well, how about manifest disregard, then? There's a statement by the district court that the Goldmans didn't squarely allege manifest disregard. They didn't allege it. Well, did they not say that under federal regulations, a margin call must be made under certain circumstances, and that demonstrates that a margin call was made in their circumstances, and that the arbitration panel ignored that and refused to acknowledge that that result is compelled by the regulatory regime? That's, I understand, the pitch that's being made to us. I don't think there's anything in the record that shows that they went to the arbitrators and said here are the federal margin laws and regulations. I don't think that's anywhere in the record. Second point is, the point Your Honor made earlier was they did not allege manifest error of law. I mean, they said those words, but what they alleged was that no margin call, or a margin call was made, and our position was that no margin call was made. And if you read their motion to vacate the arbitration award, they actually say, I'm reading from A298 of the record, it's paragraph 46 of their motion to vacate. However, the record shows there was a margin call. And later they say here the panel has, the arbitration panel has manifestly disregarded the existence of a margin call. So clearly their position is as a factual matter the margin call occurred. Does manifest disregard still exist? That's an open question. It's about, there was a Supreme Court case a number of years ago called Hall Street, where the court said that the grounds for vacater under Section 10 are exclusive, the exclusive grounds. So a number of circuit courts have said, well, that means that manifest error of law or manifest disregard of law is no longer a grounds for vacating an arbitration award. Three or four circuit courts have held, you know, manifest error of law exists still. Or can it simply exist in the reasons for vacations? Yeah, right. So some courts have said, you know, it's sort of a gloss, a general gloss that applies. I'm not really sure what that means, but what the courts say is there's a general gloss that applies over the The itemized reasons incorporate manifest disregard. Right, right. So it's an open question. And, in fact, just very recently this court, and let me get the name of the case. Again, this is not a big point, but, again, just punted on the issue and said we need not rule on that question. We briefed the question in our papers, but I don't think it's an appropriate case for the court to say, yay or nay, whether it survived Hall Street because. So you want us to punt? I just don't think it's necessary for you to reach that issue because, you know, the record is clear that what they're saying is as a factual matter no margin call or a margin call occurred, which is not manifest error of law. And I'd also add that, you know, Section 10 does not even make it appropriate for a court to review a factual matter. I mean, there's no merits review of the facts that is supposed to happen at the district court level when it's deciding whether to vacate an arbitration award. So it would be really off the reservation to say that that factual issue gives rise to federal jurisdiction when it's not even something the court can review under Section 10. I have nothing further to add unless the court has more questions. Thank you. Thank you. If I may, I would like to get to your question, Geronimo. I think you asked why isn't there a diversity jurisdiction or is there a diversity jurisdiction? No, I asked in your case I wanted to take a look at, but nobody cited Cortez-Board, but I just had a quick chance to take a look at, and arguing that the way the court handled venue there would suggest by analogy here that there would be a jurisdiction, something like a jurisdiction under Section 10, because of what the court did in the venue issue there. And I suggested to you that my quick read of Cortez-Board suggests that that was a diversity action and they had diversity jurisdiction. Let's add a little bit more. It looks like footnote 2, the court basically says that there was proper diversity jurisdiction in Cortez-Board, which we don't have here because you don't have the jurisdictional amount. Right. And that's true. However, in this court, in Athena, there wasn't diversity jurisdiction in Athena either. I know that's the problem. We've got footnote 2, despite prior cases suggesting that the statement in footnote 2 in Athena is what we've been referring to as a drive-by jurisdiction. It's kind of a throwaway that the court didn't really focus on. And that's exactly why you can't consider that an anomalous reading, because you had the honored court here, you had the district courts below, you had two very powerful parties. Athena Ventures is a multimillion-dollar hedge fund. Aren't these controlled by Coastal General as opposed to Athena Ventures? Because Coastal General is the earlier case, earlier decision. I don't understand the question. Under our internal operating rules, we are bound by an opinion of a former panel, but if there are conflicting opinions, it's the earlier opinion, which is the binding one, and the earlier opinion on this issue is Coastal General. Well, I don't know that Coastal General is as matter-of-fact on jurisdiction as Athena Ventures. And secondly, you would have to find that your, what they call drive-by jurisdiction, in that footnote, is so horribly wrong and prohibited by a higher authority to reverse the path. It's contradictory to Coastal General, but the earlier decision is the one that is binding on us. Well, Your Honor, then I think it might be time for the court to consider whether, in fact, the law has changed. And if the 11th Circuit has held that you should look through a petition to vacate to see if there's federal law underlying in order to allow a motion to vacate, then you have the 7th Circuit saying obviously one thing, you have the 11th Circuit saying something else. That's why we have a Supreme Court. Say it again. That's why we have a Supreme Court. They take the entire summer off. We should give them some great work. And I can guarantee you that this matter would be headed to the Supreme Court, especially if the court realizes and recognizes, as it has, that it's axiomatic that you have jurisdiction on the Securities Act here. In fact, Manning, I was hoping against hope that Manning would be decided, because if Manning comes out by the Supreme Court and says that federal courts have exclusive jurisdiction under the Securities Act, then this court certainly had jurisdiction to review the underlying petition, the underlying complaint to the petition to vacate. The petition to vacate isn't just an act on the authority. I'm not sure I saw that. I'm not following you there. I'm not following you either. Yeah, when you say we surely would have because of exclusive jurisdiction, you know, that doesn't wrestle with the central point here. Again, you're assuming your conclusion, which is that we would look through and see the securities law, and that's the whole question. That's the thing we have to wrestle with. Well, Your Honor, there you go. That is the point. Do you simply just look at a petition to vacate and say, oh, the petition to vacate doesn't address, and I don't know what any petition to vacate under 9 U.S.C. 10, how it could raise a federal matter if it's not based on the underlying complaint that was submitted to FINRA, Financial Industry Regulatory Association, based on 10b-5. What else were we talking about? What about Judge Posner's analysis in Magruder where he says basically we've got a contract dispute here, and it's a matter of contract law. Well, that would go against the precedents that have said that have looked through those petitions to vacate do you need a federal court to decide 78A, which is margin calls? Because, you know, thank you for being so prepared. Frankly, opposing counsel said I don't recall anything about manifest disregard or if those issues were raised as to margin calls in the arbitration. Well, yes, they were, and they were preserved, because I literally had a court stenographer record the entire arbitration proceedings. Those arbitrators were made aware it's impossible for you to disregard the existence of a margin call. It had to arise automatically by computer and federal law. 78AA says, and, of course, that's the history of the Securities Acts, isn't it? Margins is what destroyed the economy in the Depression. They were going to avoid margins here. As soon as your account falls below 50%, a margin call arises. It arose. The arbitrators just don't want to accept it. I see my time is up. Thank you very much. Thank you.